Opinion issued May 26, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00287-CV

———————————

Kavin Johnson, Appellant

V.

Residential
Funding Real Estate HOLDINGS, LLc, Appellee



 



 

On Appeal from the 152nd District Court 

Harris County, Texas



Trial Court Case No. 2009-65907

 



 

MEMORANDUM OPINION

Appellant
Kavin Johnson filed this restricted appeal complaining of the trial court’s
granting Appellee Residential Funding Real Estate Holdings, LLC’s “Application
for Expedited Foreclosure Proceeding Pursuant to Rule 736 of the Texas Rules of
Civil Procedure” (“Rule 736 Application”). 
We dismiss the appeal for lack of jurisdiction.

Residential Funding is the
noteholder of a Texas Home Equity Security Debt secured by real property owned
by Johnson.  Alleging that Johnson is in
default on that note, Residential Funding filed its Rule 736 Application on
October 13, 2009 requesting that the court “enter an order allowing Applicant
to proceed with foreclosure and sell the Subject Property.”  On December 23, 2009, Johnson filed an answer
containing a general denial.  On December
30, 2009, the trial court signed an “Order to Proceed with Notice of
Foreclosure Sale and Foreclosure Sale” authorizing Residential Funding to
proceed with foreclosure.  

Johnson argues that, under Rule
736(5), it was improper for the court to render a default judgment because he
had an answer on file.  Tex. R. Civ. P. 736(5)(B) (“Default. At
any time after a response is due, the court shall grant the application without
further notice or hearing if . . . the respondent has not previously filed a
response . . . .”).  In response,
Residential Funding seeks dismissal of Johnson’s appeal because Rule 736(8)(A)
provides that “the granting or denial of [a Rule 736] application is not an
appealable order.”  In his reply brief,
Johnson does not disagree with Residential Funding’s interpretation of Rule
736(8)(A), but argues that because he is not appealing the merits of the order,
but instead the trial court’s alleged failure to follow proper procedures, we
should decline to dismiss the appeal.    

Johnson cites no authority in
support of his argument, and we have located none.  Because he appeals a Rule 736 order, we have
no discretion to do anything but dismiss the appeal.  E.g.,
Grant-Brooks v. FV-1, Inc., 176 S.W.3d 933, 933 (Tex. App.—Dallas 2005, pet.
denied) (“Because the [Rule 736] order appellant seeks to appeal is not
appealable, we lack jurisdiction over this appeal.”); Kelso v. Cit Group/Consumer
Fin. Inc., No. 01-05-00671-CV, 2005 WL 3118182, at *1 (Tex. App.—Houston
[1st Dist.] Nov. 23, 2005, no pet.) (mem. op.) (dismissing, for want of
appellate jurisdiction, appeal of Rule 736 order complaining of trial court’s
granting application almost a month before the date on the court’s notice of
submission); Barriere v. Am. Serv. Mortg.
Co., No. 14-10-00617-CV, 2010 WL 3504755, at *1 (Tex. App.—Houston [14th
Dist.] Sept. 9, 2010, no pet.) (mem. op.) (dismissing appeal of Rule 736 order
for lack of jurisdiction).

We accordingly dismiss the appeal
for lack of jurisdiction.          

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.